UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:10-cr-14-3 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| BERNARD J. KURLEMANN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER THAT: (1) DEFENDANT KURLEMANN'S MOTION TO STRIKE IRRELEVANT AND UNFAIRLY PREJUDICIAL INFORMATION FROM THE SUPERSEDING INDICTMENT AND MOTION IN LIMINE TO BAR REFERENCE TO THE INFORMATION (Doc. 32) BE DENIED; (2) MOTION FOR RELEASE OF BRADY AND GIGLIO MATERIALS (Doc. 34) BE DENIED AS MOOT; AND (3) MOTION FOR NOTICE BY THE UNITED STATES REGARDING MATERIAL UNDER RULE 404(b) (Doc. 35) BE DENIED AS MOOT**

This criminal case is before the Court on Defendant Kurlemann's: (1) motion to strike irrelevant and unfairly prejudicial information from the superseding indictment and motion *in limine* to bar reference to the information at the trial (Doc. 32); (2) motion for release of *Brady* and *Giglio* materials (Doc. 34); (3) motion for notice by the United States regarding material under Fed. R. Evid. 404(b) (Doc. 35) and; (4) the government's responsive memoranda (Docs. 43, 45, 46, 47).

A summary of the background facts is incorporated herein as previously recited in Docs. 64 & 65.

## I. ANALYSIS

### A. Motion To Strike Irrelevant And Unfairly Prejudicial Information From The Superseding Indictment And Motion *In Limine* To Bar Reference To The Information In The Trial

Defendant requests that the Court find that the government cannot introduce or refer to the following evidence at trial:

(1) Any information about the lawsuit by J.M. and C.M. and the judgment against Kurlemann Builders, Inc. ("KBI") in their favor in Warren County Common Pleas Court. (Doc. 25 at ¶¶ 56, 57, 58, 59, 61, 76).

(2) Any information about Lot 100 of The Woods except that KBI sold it to RNS in August 2007 for $220,000 and Kurlemann Custom Homes, LLC ("KCH") bought it from RNS for $235,000 in April 2008, that is, the Court should strike and bar at trial any information relating to KCH's contract to construct a home on the lot, KCH's construction loan to build a home on the lot, KCH's construction of the home on the lot, and the assumption of the KCH construction loan and purchase of the home and lot by Cathy Brewer Kurlemann. (Doc. 25 at ¶ 72).

(3) Any information about the short-term loan debt of "Bernard J. Kurlemann and his various companies." (Doc. 25 at ¶ 55).

Evidence is relevant if it has any tendency to make the existence of a fact more or less probable. Fed. R. Evid. 401. There is a liberal standard for determining whether evidence is relevant. *United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006). Evidence includes direct and circumstantial evidence. *United States v. Stull*, 743 F.2d 439, 442 (6th Cir. 1984) (direct and circumstantial evidence warranted conclusion that scheme to defraud existed).

### *1. Judgment in State Court and Lot 100*

Defendant claims that it is unfairly prejudicial for the jury to read in the superseding indictment or hear at trial the insinuation that he is a bad person because a judgment was rendered against KBI in a civil lawsuit, and that KBI lawfully filed bankruptcy to liquidate its assets as provided by law among the company's creditors, including the holders of that judgment. Defendant argues that the events involving KBI are irrelevant to the charges against him and their prejudicial effect outweighs any probative value.

Specifically, Defendant argues that the lawsuit in Warren County alleged that the home built for the Musuraca's (J.M. and C.M.) under a contract with KBI was defective, yet KBI is not a defendant in this criminal case. Defendant claims that the only reason to include this information is to portray him as a bad person who built a defective home. Defendant further explains that the lawsuit went to trial only after the Musuracas refused KBI's offer to repurchase the home for about $1.3 million, consisting of the approximately $800,000 paid to the Musuracas for the home plus an additional $500,000. When a judgment was rendered against KBI in the amount of $476,3501, the trial court was obligated by Ohio statute to triple the amount. Additionally, Defendant claims that it is prejudicial that the indictment mentions the judgment, but does not include information about any other creditor. Finally, Defendant argues that the superceding indictment implies that he is guilty of bank fraud:

-3-

> The construction loan obtained from Union Savings Bank in the amount of approximately $800,000 used to purchase Lot 100, contained a false statement that Lot 100 was pre-sold to a customer, when in fact, defendant BERNARD J. KURLEMANN intended to build a market home on Lot 100 which he was going to use as his personal residence.

(Doc. 25 at ¶ 72). Defendant claims that the allegation about a false statement to the bank has no probative value concerning the bankruptcy fraud charges and that it would be unfairly prejudicial to his right to a fair trial to include this uncharged accusation.

Kurlemann's transfer of Lot 100 on the eve of a state court trial which ultimately resulted in a judgment of more than $1,000,000.00 against KBI, and his repurchase of Lot 100 pursuant to the option shortly after KBI filed bankruptcy, encapsulate Kurlemann's fraudulent scheme. Therefore, evidence of the lawsuit, subsequent judgment, and facts surrounding the sale and purchase of Lot 100 are relevant. At trial, the government alleges that it will show that RNS was inventorying, or holding on to, Lot 100 for the benefit of Kurlemann and that after these transactions, Kurlemann continued to control and enjoy the benefits of Lot 100. Accordingly, his actions during and after the lawsuit are relevant to show the bankruptcy fraud scheme. In addition, his actions regarding the repurchase of Lot 100 are relevant to demonstrate that Kurlemann never lost his interest in Lot 100 which was part of the bankruptcy fraud scheme.

The Sixth Circuit held in *United States v. Leggett*, 292 F. 2d 423, 426 (6th Cir. 1961) that a defendant's intent to perpetrate a fraud may be determined from "what he does and fails to do." *Id.* The appellate court endorsed the examination of badges of

-4-

fraud, "which are circumstances so frequently attending fraudulent transfers that an inference of fraud arises from them." *Id*. The court explained that badges of fraud include: "Inadequacy of consideration, secret or hurried transactions not in the usual mode of doing business, and the use of dummies or fictitious parties." *Id*. at 427.

The Court of Appeals further quoted with approval:

> No effort to hinder or delay creditors is more severely condemned by the law than an attempt by a debtor to place his property where he can still enjoy it and at the same time require his creditors to remain unsatisfied.

*Id*.

Ultimately, the Court finds that the facts surrounding the lawsuit and the sale and purchase of Lot 100 are relevant to the common scheme or plan in the bankruptcy fraud charges. It would be confusing for a jury if this Court were to strike portions of the superceding indictment. However, Defendant shall be permitted to explain, as done in his motion, mitigating facts regarding the state court lawsuit and judgment.

### 2. *Short-term loan debt*

Defendant claims that the information about the total short-term loan debt of Mr. Kurlemann and his various companies is irrelevant and should be excluded.

The Court finds that the evidence of the financial condition of KBI is relevant to show that Kurlemann engaged in a scheme to defraud his creditors and the bankruptcy trustee. The Sixth Circuit approved evidence to show the financial condition of a defendant in a bank fraud prosecution in *United States v. Ross*, 502 F. 3d 521, 530 (6th

-5-

Cir. 2007) (affirming bank fraud conviction and commenting that "[t]he government offered evidence of Ross's motive to commit bank fraud. Ross was in dire financial straights. Ross had filed for personal bankruptcy."). Therefore, the facts recited in the superseding indictment about the judgment rendered against KBI in the amount of $1,152,073.50 and his significant short term loan debt are relevant as to motive. (Doc. 25 at ¶¶ 55, 59-60).

When considering whether a defendant has committed bankruptcy fraud, all evidence relating to the intent of the defendant and relating to the property is relevant. *United States v. Grant*, 971 F. 2d 799, 806 (1st Cir. 1992) (holding that the determination of interests in property embraces "all relevant direct and circumstantial evidence relating to the property and to the intent of the debtor."). The facts recounted in the superseding indictment relate to Kurlemann's intent as well as the option. Therefore, these facts are relevant. The facts set forth in the superseding indictment are further admissible as background evidence. *United States v. Hardy*, 228 F. 3d 745 (6th Cir. 2000) ("Proper background evidence has a casual, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." ).

The government is entitled to introduce a full range of evidence at trial to show Kurlemann's scheme to defraud, even if the facts established by the evidence are not

mentioned in the superseding indictment. *United States v. McGuire*, 744 F.2d 1197, 1205-06 (6th Cir. 1984) (rejecting defendant's argument that trial court improperly permitted evidence relating to loan applications not named in indictment charging defendant with scheme to defraud).

Accordingly, Defendant's motion to strike (Doc. 32) is **DENIED**.

### B.     Motion for Release of *Brady* and *Giglio* Materials

Defendant requests that the Court order the United States Attorney to produce all *Brady* and *Giglio* material regarding the false statement charges (Counts 5-7) and bankruptcy charges (Counts 8-10). In the alternative, Defendant requests that the Court treat the motion as a motion for a bill of particulars under Fed. R. Crim. P. 7(f).

The government maintains that it has provided Defendant access to all discovery in its possession. (*See* Doc. 47, Exs. A,C, D, E, G). Additionally, the government argues that Defendant's motion did not identify any detail that was not already included in the superseding indictment and therefore Defendant cannot make the requisite showing of "actual surprise and substantial prejudice" for a bill of particulars.

Any claimed surprise or prejudice is determined by examining the indictment and the other facts known to the defendant, from whatever source. *United States v. Phibbs*, 999 F.2d 1053 (6th Cir. 1993). For example, a bill of particulars cannot be used to obtain a list of government witnesses. *United States v. Largent*, 545 F.2d 1039, 1043 (6th Cir. 1976). In fact, the Sixth Circuit has upheld a denial of a motion for a bill of particulars as

to the identity of co-conspiractors. "As long as the indictment contained the elements of offense and gave defendant notice of the charges against him, it is not essential that a conspirator know all other conspirators." *United States v. Rey*, 923 F.2d 1217, 1227 (6th Cir. 1991). Moreover, the government claims that it is going to file a trial memorandum which will further detail its evidence to prove the elements of the offenses.

The Court finds that the superceding indictment, taken together with the discovery already provided in this case, sufficiently apprises Defendant of the charges against him and will adequately allow him to avoid surprise at trial. *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003) ("[A] bill of particulars is not required when the information a defendant needs to prepare his defense is available through some other satisfactory form"). *See also United States v. Sattar*, 314 F.Supp.2d 279, 318-319 (S.D.N.Y. 2004) (finding the government's representations in its briefs, taken together with the indictment and discovery obviated the need for a bill of particulars).

Accordingly, based on the legal standard and the government's response to Defendant's motion, the Court **DENIES** the motion (Doc. 34) as **MOOT**.

### C. Motion For Notice By The United States Regarding Material Under Rule 404(b)

Next, Defendant asks the Court to order the United States Attorney to give him notice of any evidence of "other crime, wrongs, or acts" that the United States Attorney

intends to introduce into evidence at trial, as provided by Fed. R. Evid. 404(b).[1]

The government argues that Fed. R. Evid. 404(b) requires that the prosecution provide "reasonable notice" of such evidence in advance of trial or during trial upon good cause shown. The government maintains that as of the date of the filing of its motion it does not intend to introduce any evidence that it believes falls within Rule 404(b). However, the government claims that even if it did have such evidence, notice is not required at this time. *See, e.g., United States v. Corsmeier*, No. 1:06cr76, 2007 U.S. Dist. LEXIS 87215 (S.D. Ohio Nov. 27, 2007) (holding that one week notice of Rule 404(b) evidence constituted "reasonable notice" under Fed. R. Evid. 404(b)).

Therefore, based on the legal standard and the government's response to Defendant's motion, the Court **DENIES** the motion (Doc. 35) as **MOOT**.

## II. CONCLUSION

For the foregoing reasons, the Court finds that:

1. Defendant's motion to strike irrelevant and unfairly prejudicial information from the superseding indictment and motion *in limine* to bar reference to the information in the trial (Doc. 32) is **DENIED**;

---

[1] "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." *Id.*

-9-

2. Defendant's motion for release of *Brady* materials and *Giglio* materials (Doc. 34) is **DENIED** as **MOOT**; and

3. Defendant's motion for notice by the United States Attorney regarding material under Fed. R. Evid. 404(b) (Doc. 35) is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

Date: 9/10/10

Timothy S. Black
United States District Judge